**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq. (KR 4963)
Jeffrey D. Prol, Esq. (JP 7454)
Thomas A. Pitta, Esq. (TP 3018)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400
*Proposed Counsel to the Debtor and Debtor-in-Possession*

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>STATE INSULATION CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 11-15110 (MBK) |

**DEBTOR'S APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 327, 328, AND 1107 AND FED. R. BANKR. P. 2014 AUTHORIZING THE EMPLOYMENT AND RETENTION OF LOWENSTEIN SANDLER PC AS COUNSEL TO THE DEBTOR**

State Insulation Corporation, the above-captioned debtor and debtor in possession (the "Debtor") hereby submits this application (the "Application") for entry of an order pursuant to sections 327, 328 and 1107 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") authorizing the employment and retention of Lowenstein Sandler PC ("Lowenstein") as counsel to the Debtor, effective as of the Petition Date (as defined herein). In support of this Application, the Debtor respectfully represents as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

3. On February 23, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 the Bankruptcy Code.

4. The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee, examiner or committee has been appointed in this chapter 11 case.

6. The Debtor, a corporation organized under the laws of the State of New Jersey with corporate headquarters located at 525 Johnstone Street, Perth Amboy, New Jersey, is a distributor of insulation products and accessories for the installation of insulation.

7. For more detailed information regarding the Debtor's business and the events leading to this chapter 11 filing, please refer to the Declaration of George Lionikis, Jr. in Support of Chapter 11 Petition and First Day Motions (the "Lionikis Declaration") [Docket No. 2].

## RELIEF REQUESTED

8. By this Application, the Debtor seeks authorization, pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014, to retain and employ Lowenstein as its counsel in connection with this chapter 11 case, effective as of the Petition Date.

9. The Debtor has selected Lowenstein to serve as its bankruptcy counsel because of its attorneys' knowledge and experience in the fields of debtor and creditors' rights, insolvency, debt restructuring, and corporate reorganization and commercial law. Accordingly, the Debtor believes that the retention of bankruptcy counsel is necessary and that Lowenstein is particularly well qualified to represent it in this chapter 11 case.

10. The professional services the Debtor anticipates Lowenstein will render include, but are not limited to:

Case 11-15110-MBK    Doc 49    Filed 03/07/11    Entered 03/07/11 17:18:24    Desc Main
Document      Page 3 of 6

    (a)    Providing the Debtor with advice and preparing all necessary documents regarding debt restructuring, bankruptcy, and asset dispositions;

    (b)    Taking all necessary actions to protect and preserve the Debtor's estate during the pendency of this chapter 11 case, including the prosecution of actions by the Debtor, the defense of actions commenced against the Debtor, negotiations concerning litigation in which the Debtor is involved, and objecting to claims filed against the estate;

    (c)    Preparing on behalf of the Debtor, as a debtor in possession, all necessary motions, applications, answers, orders, reports, and papers in connection with the administration of this chapter 11 case;

    (d)    Counseling the Debtor with regard to its rights and obligations as debtor in possession;

    (e)    Appearing in this or any other court to protect the interests of the Debtor; and

    (f)    Performing all other legal services for the Debtor which may be necessary and proper in these proceedings.

11. Lowenstein commenced performing legal services for the Debtor in July of 2010. Lowenstein was paid a retainer of $150,000.00 of which $46,918.25 was applied to fees and expenses incurred through the Petition Date (including payment of the Chapter 11 filing fee). The balance of $103,081.75 is held by Lowenstein as a retainer to be applied, subject to Court approval, against fees and expenses incurred subsequent to the Petition Date.

12. It is contemplated that Lowenstein will be compensated for the services described herein at Lowenstein's ordinary billing rates and in accordance with its customary billing practices with respect to other charges and expenses, all pursuant to the provisions of sections 330 and 331 of the Bankruptcy Code. The current hourly billing rates of members, associates, law clerks, paralegals, and legal assistants are set forth in the Certification of Jeffrey D. Prol, Esq. (the "Prol Certification") submitted herewith. These hourly rates are subject to periodic adjustment to reflect economic and other conditions.

13. Lowenstein understands that any compensation and expenses paid to it must be approved by this Court upon application consistent with the Bankruptcy Code and all applicable Bankruptcy Rules and any order entered by the Court.

-3-

14. The Debtor submits that the retention of Lowenstein under the terms described herein is appropriate under sections 327(a), 328, and 1107 of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code, made applicable by section 1107 of the Bankruptcy Code, empowers a debtor in possession, with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent them or assist the debtor in possession in carrying out its duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

(A) is not a creditor, an equity security holder, or an insider;

(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor.

11 U.S.C. § 101(14).

15. Furthermore, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

16. Lowenstein (i) is not a creditor, an equity security holder, or an insider of the Debtor; (ii) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (iii) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor. Accordingly, the Debtor believes that Lowenstein is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code.

17. To the best of the Debtor's knowledge, based on the Prol Certification, the members, counsel, and associates of Lowenstein do not have any connection with the Debtor, its

creditors or any other party-in-interest, or their current respective attorneys or professionals, or the United States Trustee or any person employed in the office of the United States Trustee, and do not represent any entity having an adverse interest to the Debtor in connection with the Debtor's chapter 11 case, except to the extent as may be set forth in the Prol Certification. Accordingly, the Debtor believes that Lowenstein is "disinterested" and does not hold or represent an interest adverse to the Debtor's estates.

18. Furthermore, section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis . . . ." 11 U.S.C. § 328(a). The Debtor may require Lowenstein to render extensive legal services, the cost of which cannot be estimated at this juncture. Accordingly, it is necessary and essential for the Debtor, as debtor in possession, to employ Lowenstein under a general retainer to render the foregoing services.

19. Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, as may be applicable, the rules of this Court, and such other procedures as may be fixed by order of this Court, the Debtor requests that Lowenstein be compensated on an hourly basis plus reimbursement of actual and necessary expenses incurred by Lowenstein.

## NOTICE AND PRIOR APPLICATIONS

20. No trustee, examiner or, creditors' committee has been appointed in this case. Notice of this Application has been given to (i) the United States Trustee for the District of New Jersey, (ii) counsel for I&G Lending, LLC, the Debtor's secured lender; (iii) the Debtor's twenty largest unsecured creditors; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

21. No prior request for the relief sought herein has been made to this or to any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order (i) authorizing the employment and retention of Lowenstein as counsel to the Debtor, effective as of the Petition Date, with fees and expenses to be paid pursuant to the Bankruptcy Rules, the Local Rules of this Court, and such other orders as the Court may direct, and (ii) for such other and further relief as the Court deems just and necessary.

Dated: March 4, 2011                    **STATE INSULATION CORPORATION**
                                        *Debtor and Debtor-in-Possession*


                                        By: _____
                                            George Lionikis, Sr
                                            President