**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq. (KR 4963)
Jeffrey D. Prol, Esq. (JP 7454)
Thomas A. Pitta, Esq. (TP 3018)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400
*Proposed Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>STATE INSULATION CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 11-11-15110 (MBK) |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327, 328 AND 1107 AND FED. R. BANKR. P. 2014 AUTHORIZING THE EMPLOYMENT AND RETENTION OF J.H. COHN LLP AS FINANCIAL ADVISORS TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

State Insulation Corporation, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), by and through its proposed undersigned counsel, hereby submits this application (the "**Application**") for entry of an order, pursuant to sections 327, 328 and 1107 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**") authorizing the Debtor to employ and retain J.H. Cohn LLP ("**JHC**") as financial advisors effective as of the Petition Date (as defined herein). In support of the Application, the Debtor respectively represent as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. The statutory predicates for the relief sought herein are sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

3. On February 23, 2011 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

4. The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. As of the date hereof, no trustee, examiner or committee has been appointed in this chapter 11 case.

6. Information regarding the Debtor's business and the events leading to the chapter 11 case is set forth in the Declaration in Support of the Debtor's Chapter 11 Petition and First Day Pleadings was filed on the Petition Date. *See* Docket No. 2.

## RELIEF REQUESTED AND BASIS THEREFOR

7. By this Application, the Debtor seeks authorization, pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014, to retain and employ JHC as its financial advisors, effective as of the Petition Date, to perform the following services:

a) Gain an understanding of the Debtor's businesses, books and records and reporting systems;

b) Assist the Debtor in ascertaining its current liquidity and short term sources and uses of cash flow via the preparation of thirteen week rolling cash flow forecasts;

c) Assist the Debtor in the preparation of adequate protection analyses;

d) Consult with management, and when necessary assist the Debtor in the preparation of the Company's statement of financial affairs, chapter 11 bankruptcy schedules, and monthly operating reports;

e) Consult with management, and when necessary assist in the preparation of reports to the Debtor's lenders (and other creditors as required) regarding its financial performance;

f) Analyze the financial operations of the Debtor as necessary, including analyzing the Debtor's operating performance versus budget;

g) Consult with management, and when necessary assist the Debtor in developing a plan of reorganization and required disclosures;

h) Consult with management and when necessary, assist in the preparation of business plans, including the review of long-term projections and liquidation analyses;

i) Analyze, formulate and advise in connection with potential income tax ramifications of any debt forgiveness or proposed plan of reorganization;

j) Attend meetings and conference calls with management, counsel and other parties, as necessary; and,

k) Provide other services as directed by the Debtor and/or its counsel.

8. The Debtor has selected JHC because of the firm's considerable experience in the areas of financial advisory and business reorganizations and other areas in which JHC might be asked to assist in this chapter 11 proceeding. The Debtor believes that JHC is duly qualified to provide it with financial advisory services throughout this proceeding, and the services of JHC are necessary and essential to the Debtor's performance of its duties as a debtor in possession.

9. The Debtor retained JHC as its financial advisors on October 1, 2010. JHC received the total of $150,689.07 from the Debtor during the prepetition period. JHC billed the Debtor $114,689.07 for contemporaneous services rendered and disbursements and other charges incurred (all in accordance with the terms and conditions of the Debtor's prepetition engagement letter with JHC dated October 1, 2010), leaving a balance of $36,000 to be utilized as a retainer for professional services rendered and charged and disbursements incurred by JHC on the Debtor's behalf after the Petition Date (the "**Bankruptcy Retainer**"). Accordingly, JHC does not hold any claim against the Debtor or its estate for prepetition services rendered.

10. It is the Debtor's understanding that JHC will be submitting detailed statements to the court setting forth the services rendered and disbursements and other charges incurred and seeking compensation and reimbursement of expenses (including, when appropriate, authority to apply the Bankruptcy Retainer). The Debtor also understands that JHC will be applying to the court for authority to be paid its fees and expenses pursuant to its obligations under the

Bankruptcy Code and any administrative fee procedure that may be established, to which the Debtor consents.

11. The Debtor submits that the retention of JHC under the terms described herein is appropriate under sections 327, 328, and 1107 of the Bankruptcy Code. As set forth in section 327(a) of the Bankruptcy Code, made applicable by section 1107 of the Bankruptcy Code, a debtor in possession, with the court's approval, "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor-in-possession] in carrying out the [debtor-in-possession's] duties under this title." 11 U.S.C. § 327(a).

12. Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor.

11 U.S.C. § 101(14).

13. Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

14. JHC (i) is not a creditor, an equity security holder, or an insider of the Debtor; (ii) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (iii) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any

direct or indirect relationship to, connection with, or interest in, the Debtor. Accordingly, JHC is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code.

15. The accompanying Affidavit of Bernard A. Katz (the "**Katz Affidavit**") describes the relationships, if any, that JHC has with creditors of the Debtor and other interested parties. As set forth in the Katz Affidavit, JHC does not believe that any of those relationships would foreclose the Debtor's retention of JHC under sections 327(a) and 101(14) of the Bankruptcy Code in that JHC does not hold or represent any interest adverse to the Debtor, its creditors or estates and is a disinterested person. The Debtor has been informed that JHC will continue conducting a review of its files when additional material parties are identified to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, JHC will supplement its disclosure to the court.

16. Furthermore, section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis . . . ." 11 U.S.C. § 328(a). The Debtor may require JHC to render extensive accounting services, the cost of which cannot be estimated at this juncture. Accordingly, it is necessary and essential for the Debtor, as debtor in possession, to employ JHC under the Bankruptcy Retainer to render the foregoing services.

17. Finally, the Debtor has agreed, among other things, to indemnify and hold harmless JHC and its personnel (the "**Indemnified Persons**") in connection with JHC's representation of the Debtor, subject to certain exceptions in the case of an Indemnified Person's bad faith, willful misconduct or gross negligence (the "**Indemnification Provisions**"). The Debtor has been informed by JHC that the Indemnification Provisions are customary and reasonable terms of consideration for financial advisors for proceedings both out of court and in chapter 11 cases. The terms of the Indemnification Provisions were negotiated between the Debtor and JHC at arm's-length and the Debtor respectfully submits that the Indemnification Provisions are reasonable and in the best interests of the Debtor, its estate and creditors.

## NOTICE, PRIOR REQUEST AND WAIVER OF BRIEF

18. No trustee, examiner or, creditors' committee has been appointed in this case. Notice of this Application has been given to (i) the United States Trustee for the District of New Jersey; (ii) counsel for I&G Lending, LLC, the Debtor's secured lender; (iii) the Debtor's twenty largest unsecured creditors; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

19. No prior request for the relief sought herein has been made to this or to any other court.

20. As no novel issue of law is raised and the relevant authorities relied upon by the Debtor are set forth herein, the Debtor respectfully requests that the requirement under D.N.J. LBR 9013-2 of filing a brief be waived.

**WHEREFORE**, the Debtor respectfully requests entry of an order approving the employment and retention of JHC as financial advisors to the Debtor effective as of the Petition Date, and granting such other relief as this Court deems just and appropriate under the circumstances.

Dated: March 4, 2011

STATE INSULATION CORPORATION
*Debtor and Debtor-in-Possession*

By: _____
George Lionikis, Sr
President