Order Filed on
4/13/2011
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(c)

**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq. (KR 4963)
Jeffrey D. Prol, Esq. (JP 7454)
Thomas A. Pitta, Esq. (TP 3018)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Proposed Counsel to the Debtor and
Debtor-in-Possession*

In re:

STATE INSULATION CORPORATION,

Debtor.

Chapter 11

Case No. 11-15110 (MBK)

### ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS PURSUANT TO 11 U.S.C. §§ 105(a) AND 331

The relief set forth on the following pages, numbered two (2) through seven (7) is

hereby **ORDERED**.

**DATED: 4/13/2011**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

24534/2
03/18/2011 16959006.1

Page: 2
Debtor: State Insulation Corporation
Case No.: 11-15110 (MBK)
Caption: Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to 11 U.S.C. §§ 105(a) and 331

---

**THIS MATTER** having been opened by the above-captioned debtor and debtor in possession (the "**Debtor**") upon the motion (the "**Motion**")[1] for the entry of an order pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and the General Order Adopting Guidelines Governing Procedures for Payment of Interim Compensation and Reimbursement of Expenses to Professionals Pursuant to 11 U.S.C. §§ 105(a) and 331, entered on November 25, 2009 by the United States Bankruptcy Court for the District of New Jersey (the "**General Order**"), for the entry of an administrative order establishing procedures for (i) the allowance of interim compensation and reimbursement of expenses of professionals retained by Order of the Court and (ii) reimbursement of expenses incurred by members of the Official Unsecured Asbestos Claimants Committee (the "**Asbestos Committee**") or any other statutory committees appointed in this case; and the Court finding that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. sections 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. section 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; (d) adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (e) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby

**ORDERED** that:

1. The Motion is GRANTED.

2. Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals retained in this case may seek monthly compensation in accordance with the following procedures (the "**Compensation Procedures**"):

---

[1] All capitalized term not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Page: 3
Debtor: State Insulation Corporation
Case No.: 11-15110 (MBK)
Caption: Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to 11 U.S.C. §§ 105(a) and 331

---

(a) **Submission Of Monthly Statements:** On or before the twenty-fifth (25th) day of each month following the month for which compensation is sought, each Professional seeking compensation pursuant to this Administrative Fee Order shall file with the Court and serve a monthly fee and expense statement (the "**Monthly Fee Statement**"), by hand or overnight delivery or by any means directed by the Court upon the following persons (the "**Notice Parties**"): (i) State Insulation Corporation, Attn: George Lionikis, Jr., 525 Johnstone Street, Perth Amboy, NJ 08861; (ii) counsel to the Debtor, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, NJ 07068, Attn: Thomas A. Pitta, Esq.; (iii) counsel to the Asbestos Committee, Greenbaum, Rowe, Smith & Davis LLP, Attn: Nancy Isaacson, Esq., 75 Livingston Avenue, Suite 301 Roseland, New Jersey 07068-3701; (iv) counsel to any other statutory committees, if appointed; (v) counsel to I&G Lending LLC, Litwin & Tierman, P.A., 2 University Plaza, Hackensack, NJ 07601, Attn: Gerald H. Litwin, Esq.; (vi) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102 Attn: Fran B. Steele, Esq.; (vii) any all parties filing an entry of appearance and request for notices pursuant to Federal Rules of Bankruptcy Procedure 2002; and (viii) any other parties the Court may so designate.

(b) **Content of Monthly Statement:** Each Monthly Fee Statement shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of New Jersey with the exception that provisions of D.N.J. LBR 2016-1(a)(8) [cover sheet] and (a)(9) [narrative explanation] are not required. All timekeepers must maintain contemporaneous time entries for each individual in increments of tenths ($1/10^{th}$) of an hour.

(c) **Review Period:** Each person receiving a Monthly Fee Statement shall have twenty-one (21) days after service of the Monthly Fee Statement to review it (the "**Objection Deadline**").

(d) **Payment:** Upon the expiration of the Objection Deadline, each Professional may file and serve upon each of the parties set forth in Section (a) herein, including, but not limited to, the Debtor, a certificate of no objection or a certificate of partial objection, whichever is applicable, after which the Debtors are authorized to pay each Professional an amount (the "**Actual Interim Payment**") equal to the lesser of (i) eighty percent (80%) of the fees and 100 percent (100%) of the expenses requested in the

*Approved by Judge Michael Kaplan April 13, 2011*

Case 11-15110-MBK    Doc 105    Filed 04/13/11    Entered 04/13/11 13:12:39    Desc Main
Document      Page 4 of 7

Page:     4
Debtor:   State Insulation Corporation
Case No.: 11-15110 (MBK)
Caption:  Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to 11 U.S.C. §§ 105(a) and 331

Monthly Fee Statement or (ii) eighty percent (80%) of the fees and 100 percent (100%) of the expenses not subject to any objection.

(e) **Objections:** If any party objects to a Monthly Fee Statement, it must file a written objection (the "**Notice of Objection to Monthly Fee Statement**") and serve it upon the Professional and each of the Notice Parties including, but not limited to, the Debtor, so that the Notice of Objection to Monthly Fee Statement is received on or before the Objection Deadline. The Notice of Objection to Monthly Fee Statement must set forth the nature of the objection and the amount of fees and/or expenses at issue. If the Debtor receives an objection to a particular Monthly Fee Statement, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in percentages set forth in Section (d) herein. If the parties to an objection are able to resolve their respective dispute(s) following the service of a Notice of Objection to Monthly Fee Statement and if the party whose Monthly Fee Statement was objected to serves upon all the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay in accordance with Section (d) herein that portion of the Monthly Fee Statement which is no longer subject to an objection. If the parties are unable to reach a resolution of the objection within twenty one (21) days after service of the objection, then the affected Professional may either (i) file a response to the objection with the Court together with a request for payment of the difference, if any, between the Actual Interim Payment and the non-objected to portion of the Actual Interim Payment made to the affected Professional (the "**Incremental Amount**"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application or any other date and time so directed by the Court at which time it will consider and dispose of the objection, if so requested.  The service of an objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

(f) **Fee Applications:** Parties can file at three (3) month intervals or such other intervals as directed by the Court ("**Interim Period**") an interim fee

*Approved by Judge Michael Kaplan April 13, 2011*

Case 11-15110-MBK    Doc 105    Filed 04/13/11    Entered 04/13/11 13:12:39    Desc Main
Document    Page 5 of 7

Page:       5
Debtor:     State Insulation Corporation
Case No.:   11-15110 (MBK)
Caption:    Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to 11 U.S.C. §§ 105(a) and 331

application. Each Professional seeking approval of its interim fee application shall file with the Court and serve upon the Notice Parties an interim application for allowance of compensation and reimbursement of expenses, pursuant to section 331 of the Bankruptcy Code, of the amounts sought in the Monthly Fee Statements issued during such period (the "**Interim Fee Application**").  The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court and shall comply with the mandates of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the District of New Jersey and the applicable Third Circuit law.  An Interim Fee Application must be filed and served within forty-five (45) days of the conclusion of the Interim Period.  Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Administrative Fee Order until such time as the Interim Fee Application is submitted.  Notice of the Interim Fee Application shall be served on (a) the Notice Parties and (b) all parties that filed a notice of appearance with the Clerk of this Court pursuant to Bankruptcy Rule 2002 and requested such notice.  The Notice Parties shall be entitled to receive both the Monthly Fee Statements and Interim Fee Applications as indicated above and the notice of hearing thereon (the "**Hearing Notice**") and all other parties entitled to notice shall be entitled to receive only the Hearing Notice.  Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court. The pendency of a fee application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the further payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.  Additionally, the pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.  Each Professional may seek, in its first Interim Period request for compensation and reimbursement of expenses pursuant to these guidelines, compensation for work performed and reimbursement for expenses incurred during the

Case 11-15110-MBK    Doc 105    Filed 04/13/11    Entered 04/13/11 13:12:39    Desc Main
Document    Page 6 of 7

Page:     6
Debtor:   State Insulation Corporation
Case No.: 11-15110 (MBK)
Caption:  Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to 11 U.S.C. §§ 105(a) and 331

---

period of time between the Petition Date[2] through and including May 31, 2011.

(g) **Administrative Issues:** Any party may object to requests for payment made pursuant to the Administrative Fee Order on the grounds that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. section 1930 fees, or a manifest exigency exists by seeking a further order of this Court. Otherwise, the Administrative Fee Order shall continue and shall remain in effect during the pendency of this case. The Debtor shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to the Professionals. All time periods set forth in the Administrative Fee Order shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006(a). All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

(h) **Service of the Administrative Fee Order:** The Debtor must serve a copy of the Administrative Fee Order upon all parties served with the underlying motion seeking an Administrative Fee Order; all affected Professionals; all Notice Parties and any other party the Court shall designate.

3. Each member of the Asbestos Committee, or any other statutory committees appointed in this case, shall be permitted to submit statements of expenses (excluding any attorneys' fees and expenses) and supporting vouchers to counsel for such committee, who will collect and submit such requests for reimbursement in accordance with the Compensation Procedures as if such committee member were a Professional.

4. Service of the Monthly Fee Statements, Interim Fee Applications, final fee applications and Hearing Notices shall be limited as follows: (i) the Notice Parties shall be entitled to receive the Monthly Fee Statements, Interim Fee Applications, final fee applications, and Hearing Notices, and (ii) any parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only the Interim Fee Applications and Hearing Notices.

---

[2] Or the applicable effective date of its retention, as the case may be.

*Approved by Judge Michael Kaplan April 13, 2011*

Page: 7
Debtor: State Insulation Corporation
Case No.: 11-15110 (MBK)
Caption: Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to 11 U.S.C. §§ 105(a) and 331

---

5.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

*Approved by Judge Michael Kaplan April 13, 2011*