NANCY ISAACSON, ESQ. (NI/1325)
**GREENBAUM, ROWE, SMITH & DAVIS LLP**
75 Livingston Avenue - Suite 301
Roseland, New Jersey 07068-3701
(973) 535-1600
Counsel for Official Committee of
   Unsecured Asbestos Claimants

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| In re: | : |
| | :   Case No. 11-15110 (MBK) |
| STATE INSULATION | : |
|    CORPORATION, | : |
| | :   Chapter 11 |
|               Debtor. | : |
| | : |

---

### GENERAL OBJECTIONS TO DISCLOSURE
### STATEMENT AND PLAN OF REORGANIZATION

The Official Committee of Asbestos Claimants ("Committee"), by and through its counsel, Greenbaum, Rowe, Smith & Davis, LLP ("GRSD") objects to Disclosure Statement ("DS") and Plan of Reorganization ("POR" or "Plan") filed by Debtor and in support thereof, states as follows:

### BACKGROUND

1. On February 23, 2011, ("Petition Date"), the Debtor in Possession, State Insulation Corp. ("Debtor") commenced these proceedings by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor has continued to operate its business and manage its properties as a debtor-in-possession since the Petition Date.

1

1321731.01

3. On March 11, 2011, the Office of the United States Trustee appointed the Committee, pursuant to section 1102 of the Bankruptcy Code.

4. On April 16, 2011, the Committee filed an Application to employ Greenbaum, Rowe, Smith & Davis, as its counsel. The Court approved the Committee's Application on March 24, 2011.

5. The Committee and Ed Bond, the Future Claims Representative provided joint objections concerning the DS and POR to the Debtor. To date, Debtor has not responded.

6. On or about July 18, 2001 Debtor sought entry of an Order shortening the time to hear its application to extend Debtor's deadline to confirm its Plan of Reorganization ("Extend Deadline Motion").

7. On July 19, 2011, the Court entered an Order scheduling the hearing on the Extend Deadline Motion for July 28, 2011, the same date as the hearing to determine the adequacy of Debtor's Disclosure Statement, and if appropriate, to confirm Debtor's Plan of Reorganization and fixing the time for filing acceptances or rejections of the Plan of Reorganization ("DS/Confirmation Hearing").

8. To avoid the possibility that the Extend Deadline Motion is denied and the DS/Confirmation Hearing proceeds on July 28, 2011, the Committee submits these Objections.

**OBJECTIONS APPLICABLE TO DS AND POR**

9. Debtor's Plan should provide for the establishment of an Asbestos Trust ("Trust") for the benefit of present and future asbestos-related personal injury and wrongful death claims only. Instead, the Plan and DS includes property damage claimants as beneficiaries of the Trust. The Debtor has disclosed no history of property damage claims and the Committee will not support a POR that (a) purports to make a single trust the repository of both personal injury/wrongful death

and property damage liabilties or (b) provides the Committee's constituency with less than previously negotiated for the sole benefit of personal injury/wrongful death claimants.

10. Since the Trust will not administer property damage claims, the DS and Plan must provide that property damage claims, if any, are subject to the existing bar date.

11. Therefore, the Trust should be named the Asbestos Personal Injury Trust throughout the Plan and DS.

12. Furthermore, as there may be personal injury claimants claiming under the Alabama wrongful death statute, which calls wrongful death compensatory damages under it punitive damage damages, for purposes of Trust administration such claims must be determined to be compensatory. The DS and Plan must be corrected accordingly.

## **PLAN OF REORGANIZATION**

13. The preamble to the Plan must disclose that the Trust is governed by state law only. The Debtor has no history of foreign claims and no need to channel same.

14. The Plan requires that the schedule of Trust assets be disclosed within 15 days of the confirmation hearing. This is unacceptable. A description of the Trust assets, the anticipated transfers and the security for the Trust assets should the transfer not take place must be disclosed at least 30 days prior to <u>sending out the balloting package</u>. There must be sufficient time for claimants to evaluate all pertinent information before casting a vote.

## **GLOSSARY**

15. Several definitions require modification:

-- "Asbestos Claim" - delete damage in the body of the definition.

-- "Asbestos Trust Assets" - the collateral pledge must be designated and disclosed not less than 30 days prior to the transmission of the balloting package.

3

1321731.01

-- "Bar Date" - insert after July 25, 2011 "other than asbestos claims".

-- "Confirmation" or "Confirmation of the Plan" should mean approval of the Plan pursuant to a non-appealable Bankruptcy Consent Order.

-- "Confirmation Date" should mean the date on which the Confirmation Order is filed and non-appeallable.

-- "Confirmation Order" should mean a filed and non-appealable Order of the District Court confirming the Plan pursuant to Sections 524(g) and 1129 and other applicable Sections of the Bankruptcy Code.

-- "Demand" - insert after "C" "claims channeled to Asbestos Trust".

-- "Direct Action" must refer to claims arising under the laws of any <u>State</u>, not <u>jurisdiction</u>.

-- "Disputed Claim" must refer to "non-asbestos claim" throughout the definition.

-- "Future Asbestos Claim" - delete "after the confirmation date.

-- "Non-compensatory Damages" - delete bracket at end of definition.

-- "Schedules" – must be amended or supplemented not less than 30 days prior to the distribution of the ballot package.

-- "State Insulation Corporation Asbestos Trust" - must be named "State Insulation Personal Injury Asbestos Trust".

-- "TAC" - should mean the Trust Advisory Committee as defined in the Trust Agreement.

-- "TDP" - should be as adopted by the Asbestos Trust.

1321731.01

## DISCLOSURE STATEMENT

16. The Disclosure Statement estimates votes at $1 per vote. Each asbestos claimant's vote should be valued by disease category, with values assigned proportionately based on severity of disease as reflected in the POR.

## SUMMARY

17. In light of the foregoing, the Committee demands that approval of the Plan and DS be denied pending the revisions outlined herein.

                                        **GREENBAUM, ROWE, SMITH & DAVIS LLP**
                                        Counsel for Official Committee of
                                            Unsecured Asbestos Claimants

                                        By:  /s/ Nancy Isaacon
                                             NANCY ISAACSON

Dated: July 21, 2011